HSIANG "JAMES" H. LIN (SBN 241472)
jlin@tklg-llp.com
MICHAEL C. TING (SBN 247610)
mting@tklg-llp.com
KEN K. FUNG (SBN 283854)
kfung@tklg-llp.com
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 517-5200

*Attorneys for Plaintiff*
MAP TOOL INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAP TOOL INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUPERSONIC, INC, <br><br> Defendant. | Case No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Map Tool Inc. ("Plaintiff" or "Map Tool") by and through its undersigned counsel, files this Complaint against SuperSonic Inc. ("Defendant" or "SuperSonic").

## THE PARTIES

1. Map Tool is a Delaware corporation having its principal place of business in Wilmington, Delaware.

2. Upon information and belief, SuperSonic, Inc. is a California corporation with its principal place of business at 6555 Bandini Blvd., Commerce, CA 90040.

3. Upon information and belief, Defendant has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of California.

## NATURE OF THE ACTION

4. In this civil action, Plaintiff seeks damages against Defendant for acts of patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 271, 281, and 284.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, this Court has personal jurisdiction over Defendant. Defendant has conducted and regularly conducts business within the United States and this District. Defendant has purposely availed itself of the privileges of conducting business in the United States, and more specifically in the State of California and this District. Defendant has sought protection and benefit from the laws of the State of California by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

7. Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Defendant is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue. Upon information and belief, Defendant has committed acts within this District giving rise to this action and do business in this District, including but not limited to making sales in this District, providing service and support to its respective customers in this District and/or operating an interactive website, available to persons in this District that advertises, markets, and/or offers for sale infringing products.

## BACKGROUND

8. U.S. Patent No. 7,948,502 titled "Method of Displaying Picture Having Location Data and Apparatus Thereof" (the "'502 patent") was duly and legally issued by the U.S. Patent and Trademark Office on May 24, 2011, after full and fair examination. Craig Stanton is the sole inventor listed on the '502 patent. The '502 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title, and interest in the '502 patent, including the right to collect and receive damages for

1  past, present and future infringement.  A true and correct copy of the '502 patent is attached as
2  Exhibit A and made a part hereof.
3        9.     U.S. Patent No. 8,249,804 titled "Systems and Methods for Smart City Search" (the
4  "'804 patent") was duly and legally issued by the U.S. Patent and Trademark Office on August 21,
5  2012, after full and fair examination.  Anatole M. Lokshin and Ailin Mao are the inventors listed on
6  the '804 patent.  The '804 patent has been assigned to Plaintiff, and Plaintiff holds all rights, title,
7  and interest in the '804 patent, including the right to collect and receive damages for past, present
8  and future infringement.  A true and correct copy of the '804 patent is attached as Exhibit B and
9  made a part hereof.
10       10.    Upon information and belief, Defendant makes, uses, offers to sell, sells within,
11 and/or imports into the United States products that incorporate the fundamental technologies covered
12 by the '502 and '804 patents (collectively, the "patents-in-suit").  By incorporating the fundamental
13 inventions covered by the patents-in-suit, Defendant can make, use, offer to sell, sell within, and/or
14 import into the United States improved products.

## COUNT I

### Direct Infringement of U.S. Patent No. 7,948,502

17       11.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-10 as
18 though fully set forth herein.
19       12.    The '502 patent is valid and enforceable.
20       13.    Defendant has never been licensed, either expressly or impliedly, under the '502
21 patent.
22       14.    Upon information and belief, Defendant has been and is directly infringing under 35
23 U.S.C. § 271(a), either literally or under the doctrine of equivalents, the '502 patent by making,
24 using, offering to sell, and/or selling to manufacturers, distributors, customers and/or consumers
25 (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the
26 United States and/or importing into the United States, without authority, electronic devices, such as
27 tablets, including, but not limited to, the SuperSonic Matrix SC-74MID, and SC-90MID tablets, that
28 include all of the limitations of at least Claims 1-6, 10-17, 21-27, and 31-32 of the '502 patent.

15. As a direct and proximate result of these acts of patent infringement, Defendant has encroached on the exclusive rights of Plaintiff to practice the '502 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT II

### Induced Infringement of U.S. Patent No. 7,948,502

16. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-15 as though fully set forth herein.

17. Upon information and belief, customers, and consumers that purchase Defendant's infringing products that include, perform or practice one or more claims of the '502 patent, including but not limited to the SuperSonic Matrix SC-74MID, and SC-90MID tablets, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), at least Claims 1-6, 10-17, 21-27, and 31-32 of the'502 patent by using, offering to sell, and/or selling infringing products in this District and elsewhere in the United States.

18. Defendant was made aware of the '502 patent and its infringement thereof at least as early as their receipt of correspondence from Map Tool providing notice of the '502 patent and Defendant's infringement thereof sent to Defendant on December 18, 2014.  The letter was sent by Federal Express.  At the time of delivery, Defendant refused to accept the notice letter.  A copy of the notice letter with delivery confirmation sent to Defendant on December 18, 2014 via Federal Express and delivery exception are attached as Exhibit C and D and made a part hereof.

19. Should Defendant contend it did not receive notice of the '502 patent and Defendant's infringement thereof sent via Federal Express on December 18, 2014, Defendant was made aware of the '502 patent and its infringement thereof at least as early as December 22, 2014, when Map Tool again attempted to serve the notice letter by hand service via First Legal Support Services.  Again Defendant refused to accept service and locked their doors to prevent entry by First Legal Support Services' agent.   In order to ensure the letter was seen by Defendant, the notice letter was taped to the Defendant's door.  A copy of the notice letter sent to Defendant on December 22, 2014 via First Legal Support Services with affidavit of service attempt is attached as Exhibit E and made a part hereof.

20. Should Defendant contend it did not receive notice of the '502 patent and Defendant's infringement thereof sent via Federal Express on December 18, 2015 or via First Legal Support Services on December 22, 2014, Defendant was made aware of the '502 patent and its infringement thereof at least as early as January 6, 2015, when Map Tool sent the notice letter by U.S. Mail. A copy of the notice letter sent to Defendant on January 6, 2015 via U.S. Mail is attached as Exhibit F and made a part hereof.

21. Should Defendant contend it did not receive notice of the '502 patent and Defendant's infringement thereof sent via Federal Express on December 18, 2014, via First Legal Support Services on December 22, 2014, or via U.S. Mail on January 6, 2015, Defendant had notice of the '502 patent at least as early as the filing of this Complaint for Patent Infringement against Defendant.

22. Upon information and belief, since at least the above-mentioned dates when Plaintiff formally placed Defendant on notice of their infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), customers and consumers to directly infringe at least Claims 1-6, 10-17, 21-27, and 31-32 of the '502 patent. Since the above-mentioned dates, Defendant does so with knowledge and intent, or with willful blindness of the fact, that the induced acts constitute infringement of the '502 patent. Upon information and belief, Defendant intends to cause infringement by these customers and consumers by, among other things, intentionally and with knowledge of the '502 patent, preinstalling the Google Maps app, the Google Plus app, and/or the Facebook app in their products. The customers' and consumers' use of the Google Maps, Google Plus, and Facebook apps necessarily infringes and the core and common features of the Google Maps, Google Plus, and Facebook apps infringe at least Claims 1-6, 10-17, 21-27, and 31-32 of the '502 patent. Defendant has taken affirmative steps to induce infringement, by, *inter alia*, creating advertisements, promotional materials, and marketing materials that promote the infringing use of the infringing products (including but not limited to the SuperSonic Matrix SC-74MID, and SC-90MID tablets), creating an established distribution channel for these infringing products into and/within the United States, contracting with others to use, market, sell, offer to sell and import the infringing products, preinstalling the Google Maps app, the Google Plus app, and/or the Facebook app in the infringing

-5-

1 products, manufacturing these infringing products in conformity with U.S. laws and regulations,
2 distributing or making available instructional materials, product manuals, technical materials, user
3 manuals, user instructions, and user guides for these infringing products to customers, consumers,
4 purchasers, and prospective buyers, and/or providing technical assistance or support, replacement
5 parts, or services for these infringing products to customers and consumers in the United States.  All
6 of these affirmative steps are done with Defendant's knowledge that Defendant's customers and
7 consumers will use, market, sell, offer to sell, and import the infringing products in the United States
8 and with Defendant's knowledge and intent to actively encourage, aid, and/or otherwise cause or
9 facilitate infringing sales and use of the infringing products in the United States.

10       23.    As a direct and proximate result of these acts of patent infringement, Defendant has
11 encroached on the exclusive rights of Plaintiff to practice the '502 patent, for which Plaintiff is
12 entitled to at least a reasonable royalty.

## COUNT III

### Direct Infringement of U.S. Patent No. 8,249,804

15       24.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1- 23 as
16 though fully set forth herein.

17       25.    The '804 patent is valid and enforceable.

18       26.    Defendant has never been licensed, either expressly or impliedly, under the '804
19 patent.

20       27.    Upon information and belief, Defendant has been and is directly infringing under 35
21 U.S.C. § 271(a), either literally or under the doctrine of equivalents, the '804 patent by making,
22 using, offering to sell, and/or selling to manufacturers, distributors, customers, and/or consumers
23 (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the
24 United States and/or importing into the United States, without authority, electronic devices, such as
25 tablets, including, but not limited to, the SuperSonic Matrix SC-72MID tablet, that include all of the
26 limitations of at least Claims 1-2, 4, and 9-18 of the '804 patent.

27
28

28.     As a direct and proximate result of these acts of patent infringement, Defendant has encroached on the exclusive rights of Plaintiff to practice the '804 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT IV

### Induced Infringement of U.S. Patent No. 8,249,804

29.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

30.     Upon information and belief, customers and consumers that purchase Defendant's infringing products that include, perform or practice one or more claims of the '804 patent, including but not limited to the SuperSonic Matrix SC-72MID tablet, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), at least Claims 1-2, 4, and 9-18 of the '804 patent by using, offering to sell, and/or selling infringing products in this District and elsewhere in the United States.

31.     Defendant was made aware of the '804 patent and its infringement thereof at least as early as their receipt of correspondence from Map Tool providing notice of the '804 patent and Defendant's infringement thereof sent to Defendant on December 18, 2014.  The letter was sent by Federal Express.  At the time of delivery, Defendant refused to accept the notice letter.  A copy of the notice letter with delivery confirmation sent to Defendant on December 18, 2014 via Federal Express and delivery exception are attached as Exhibit C and D and made a part hereof.

32.     Should Defendant contend it did not receive notice of the '804 patent and Defendant's infringement thereof sent via Federal Express on December 18, 2014, Defendant was made aware of the '804 patent and its infringement thereof at least as early as December 22, 2014, when Map Tool again attempted to serve the notice letter by hand service via First Legal Support Services.  Again Defendant refused to accept service and locked their doors to prevent entry by First Legal Support Services' agent.   In order to ensure the letter was seen by Defendant, the notice letter was taped to the Defendant's door.  A copy of the notice letter sent to Defendant on December 22, 2014 via First Legal Support Services with affidavit of service attempt is attached as Exhibit E and made a part hereof.

33. Should Defendant contend it did not receive notice of the '804 patent and Defendant's infringement thereof sent via Federal Express on December 18, 2015 or via First Legal Support Services on December 22, 2014, Defendant was made aware of the '804 patent and its infringement thereof at least as early as January 6, 2015, when Map Tool sent the notice letter by U.S. Mail.  A copy of the notice letter sent to Defendant on January 6, 2015 via U.S. Mail is attached as Exhibit F and made a part hereof.

34. Should Defendant contend it did not receive notice of the '804 patent and Defendant's infringement thereof sent via Federal Express on December 18, 2014, via First Legal Support Services on December 22, 2014, or via U.S. Mail on January 6, 2015, Defendant had notice of the '804 patent at least as early as the filing of this Complaint for Patent Infringement against Defendant.

35. Upon information and belief, since at least the above-mentioned dates when Plaintiff formally placed Defendant on notice of their infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), customers and consumers to directly infringe at least Claims 1-2, 4, and 9-18 of the '804 patent.  Since the above-mentioned dates, Defendant does so with knowledge and intent, or with willful blindness of the fact, that the induced acts constitute infringement of the '804 patent.  Upon information and belief, Defendant intends to cause infringement by these customers and consumers by, among other things, intentionally and with knowledge of the '804 patent, preinstalling the Google Maps app in their products.  The customers' and consumers' use of the Google Maps app necessarily infringes and the core and common feature of the Google Maps app infringes at least Claims 1-2, 4, and 9-18 of the '804 patent.  Defendant has taken affirmative steps to induce infringement, by, *inter alia*, creating advertisements, promotional materials, and marketing materials that promote the infringing use of the infringing products (including but not limited to the SuperSonic Matrix SC-72MID tablet), creating an established distribution channel for these infringing products into and/within the United States, contracting with others to use, market, sell, offer to sell and import the infringing products, preinstalling the Google Maps app in the infringing products, manufacturing these infringing products in conformity with U.S. laws and regulations, distributing or making available instructional materials, product manuals, technical materials, user

-8-

manuals, user instructions, and user guides for these infringing products to customers, consumers, purchasers, and prospective buyers, and/or providing technical assistance or support, replacement parts, or services for these infringing products to customers and consumers in the United States.  All of these affirmative steps are done with Defendant's knowledge that Defendant's customers and consumers will use, market, sell, offer to sell, and import the infringing products in the United States and with Defendant's knowledge and intent to actively encourage, aid, and/or otherwise cause or facilitate infringing sales and use of the infringing products in the United States.

36. As a direct and proximate result of these acts of patent infringement, Defendant has encroached on the exclusive rights of Plaintiff to practice the '804 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## CONCLUSION

37. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

## JURY DEMAND

38. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

39. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment that Defendant has directly infringed the patents-in-suit as alleged herein;

B. A judgment that Defendant has induced infringement of the patents-in-suit as alleged herein;

C. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendant;

D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284;

E. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded; and

F. Such other and further relief as the Court deems just and equitable.

Dated:  January 20, 2015               Respectfully submitted,

*/s/ Michael C. Ting*
HSIANG "JAMES" H. LIN (SBN 241472)
jlin@tklg-llp.com
MICHAEL C. TING (SBN 247610)
mting@tklg-llp.com
KEN K. FUNG (SBN 283854)
kfung@tklg-llp.com
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 517-5200

*Attorneys for Plaintiff*
MAP TOOL INC.

3025-0001\00001965.009

-10-